[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15759
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:11-cv-00743-WSD

PHYLLIS ALLEN,

                                                              Plaintiff-Appellant,

versus

BAC HOME LOANS SERVICING, LP,
MCCALLA RAYMER, LLC,

                                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 19, 2012)

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

This is a civil action stemming from the allegedly wrongful foreclosure of

residential property. The suit began in state court, and defendants removed the case to the District Court because it contained a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § § 2601 *et seq.*, and gave the court subject matter jurisdiction. *See* 28 U.S.C. § 1331. Defendants moved the district court to dismiss plaintiff's complaint for failure to state a claim for relief. Plaintiff failed to respond to defendants' motions to dismiss, as required by the District Court's Local Rule 7.1. Then, following its independent review of the complaint's allegations, the District Court found no merit in any of plaintiff's claims and, in an order entered on March 31, 2011, granted defendants' motions. Record, Vol. 1 at Tab 12.

Ten days later, plaintiff moved the court pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6) to set aside the court's judgment for lack of subject matter jurisdiction and for leave to file a motion to remand. The District Court denied the motion in an order entered on November 7, 2011, *id*. at Tab 12, and on December 5, 2011, plaintiff filed a notice of appeal, appealing the District Court's November 7, 2011 order denying her Rule 60(b)(4)(and (6) motion. *Id*. at Tab 21.

We find no error in the District Court's November 7, 2011 order. It is therefore

AFFIRMED.